**CT Corporation**

**Service of Process Transmittal**
12/07/2016
CT Log Number 530299680

**TO:** William Woodbury, Asst. VP & Asst. General Counsel
AUTO-OWNERS INSURANCE COMPANY
6101 Anacapri Blvd
Lansing, MI 48917-3999

**RE:** **Process Served in Tennessee**

**FOR:** OWNERS INSURANCE COMPANY (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | GRAND VALLEY LAKES PROPERTY OWNERS ASSOCIATION, INC., Pltf. vs. OWNERS INSURANCE COMPANY, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Notice, Complaint |
| **COURT/AGENCY:** | Hardeman County Circuit Court, TN<br>Case # CC16CV46 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/07/2016 postmarked on 12/05/2016 |
| **JURISDICTION SERVED:** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days of service |
| **ATTORNEY(S) / SENDER(S):** | J Brandon McWherter<br>GILBERT RUSSELL McWHERTER SCOTT BOBBITT PLC<br>341 Cool Springs Blvd, Suite 230<br>Franklin,, TN 37067<br>(615) 354-1144 |
| **REMARKS:** | Documents were served upon the Tennessee Department of Insurance on November 22, 2016 and forwarded to CT Corporation. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/07/2016, Expected Purge Date: 12/12/2016<br><br>Image SOP<br><br>Email Notification, William Woodbury woodbury.bill@aoins.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 216-802-2121 |

Page 1 of 1 / SC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.


**Department of Commerce & Insurance**

Service of Process
500 James Robertson Parkway
Nashville, Tennessee 37243



CERTIFIED MAIL

7016 0750 0000 2777 6733



FIRST CLASS

02 1M $ 06.67⁵
0004286263    DEC 05 2016
MAILED FROM ZIP CODE 37243

7016 0750 0000 2777 6733    11/28/16
OWNERS INSURANCE COMPANY
800 S. GAY ST., STE. 2021, % C T CORP.
KNOXVILLE, TN 37929-9710

37929$5710 C002

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

November 28, 2016

Owners Insurance Company
800 S. Gay St., Ste. 2021, % C T Corp.
Knoxville, TN 37929-9710
NAIC # 32700

Certified Mail
Return Receipt Requested
7016 0750 0000 2777 6733
Cashier # 29201

Re:   Grand Valley Lakes Properties Owners Asso  V.  Owners Insurance Company

Docket # Cc-16-Cv-46

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served November 22, 2016, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Hardeman County
    505 S. Main Street, Ste. A
    Bolivar, Tn 38008

| HARDEMAN County CIRCUIT COURT | STATE OF TENNESSEE CIVIL SUMMONS page 1 of 1 | Case Number |
|---|---|---|
| CC-16-CV-46 | FOR ASSISTANCE CALL 1-658-6524 | CC-16-CV-46 |

**GRAND VALLEY LAKES PROPERTIES OWNERS ASSOC. Vs. OWNERS INSURANCE COMPANY**

Served On: **OWNERS INSURANCE COMPANY** c/o Commissioner of Insurance

500 James Robertson Parkway

Nashville TN 37243-0565

You are hereby summoned to defend a civil action filed against you in Circuit Court, Hardeman County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 11-16-16

Clerk / Deputy Clerk

Attorney for Plaintiff: J. Brandon McWherter, Gilbert Russell McWherter Scott Bobbitt PLC

341 Cool Springs Blvd., Suite 230, Franklin TN 37067 (615) 354-1144

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

**CERTIFICATION (IF APPLICABLE)**

I, _____, Clerk of _____ County do certify this to be a true and correct copy the original summons issued in this case.

Date: 11-16-16

Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____    By: _____
                    Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

Notary Public / Deputy Clerk (Comm. Expires _____)

Signature of Plaintiff _____    Plaintiff's Attorney (or Person Authorized to Serve Process)

(Attach return receipt on back)

ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____.

Rev. 03/11

IN THE CIRCUIT COURT OF HARDEMAN COUNTY, TENNESSEE

GRAND VALLEY LAKES PROPERTY
OWNERS ASSOCIATION, INC.,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY,

    Defendant.

Docket No. CC-16-CV-46

JURY DEMANDED

CIRCUIT COURT FILED NOV 16 2016 AT 10:00 AM LINDA K FULGHUM, CLERK BY ___ HARDEMAN COUNTY, TN

**COMPLAINT**

COMES NOW the Plaintiff, GRAND VALLEY LAKES PROPERTY OWNERS ASSOCIATION, INC., by and through counsel, and submit the following for its Complaint against OWNERS INSURANCE COMPANY:

### PARTIES AND JURISDICTION

1. Grand Valley Lakes Property Owners Association, Inc. (hereafter "Plaintiff") is a Tennessee mutual benefit corporation with its headquarters located at 405 Grand Valley Drive, Saulsbury, Tennessee. Plaintiff is the owner of the structures and other property located in Hardeman County, Tennessee that were insured by Owners at all relevant times pursuant to the insurance policy at issue in this litigation. Specifically, Plaintiff owned the following buildings located within the Grand Valley Lakes subdivision: (a) 405 Grand Valley Dr., Saulsbury, TN, utilized as an office, lodge, and homeowners association; (b) two water tanks and associated pump houses; (c) maintenance building; (d) security booth/front gate building; and (e) marina (the "Insured Structures").

2. Defendant, Owners Insurance Company (hereafter "Owners"), which is organized in the State of Michigan and has its headquarters in the State of Michigan, is engaged in the insurance business in the State of Tennessee, including Hardeman County.

3. This Complaint originates as the result of a storm that severely damaged the Insured Structures, and Owners' wrongful failure and refusal to fully and promptly pay Plaintiff for the insured losses it sustained.

## FACTS

4. At all times material hereto, Owners insured Plaintiff against property damage pursuant to an insurance contract, being Policy No. 094619-03994767-15 (the "Policy"). As relevant hereto, the term of the Policy was May 7, 2015 to May 7, 2016.

7. At all times relevant hereto, the Insured Structures consisted of buildings and surrounding premises utilized by Plaintiff in connection with its status as the governing body of a homeowners association.

8. The Policy provided insurance coverage for loss or damage to the Insured Structures. The Policy is an "all risk" policy, which means that it provided insurance coverage for all direct physical loss of or damage to covered property unless the loss is specifically excluded in the Policy.

9. The Policy's coverage for buildings and personal property was on a replacement cost value valuation basis, which means that coverage is provided on a replacement cost basis without deduction for depreciation.

10. Pursuant to the Policy, Plaintiff paid a premium to Owners in exchange for insurance coverage. Plaintiff paid the required premiums at all times relevant to this Complaint.

11. On or around December 23, 2015, a severe windstorm event struck the Insured Structures, causing substantial damage (hereafter the "Loss"). As a result of the Loss, the buildings, personal property, equipment, and inventory located on the Insured Premises suffered immediate and direct physical loss.

12. The Policy was in effect at the time of the Loss, and the Loss is a compensable claim under the terms of the Policy. As it relates to the Loss, there is no applicable exclusion.

13. The Loss was promptly reported to Owners.

14. Plaintiff fulfilled all of the duties after the Loss that were imposed upon it by the Policy.

15. Despite the fact that Plaintiff has fulfilled all duties imposed upon it by Owners and is at no fault in this matter, Owners has refused to timely and fully pay Plaintiff for its insured losses and partially denied Plaintiff's claim by letter dated October 11, 2016. Although Owners did agree in writing to pay for certain damage to the security booth/front gate building, Owners has failed to make any payment whatsoever to Plaintiff.

16. Owners' refusal to promptly and fully pay Plaintiff the amounts owed as a result of the Loss is without justification.

17. Owners' refusal to pay the money and benefits due and owing Plaintiff under the Policy has caused Plaintiff to seek legal counsel and to initiate this Complaint to recover the insurance proceeds and/or other Policy benefits to which Plaintiff is entitled.

## CAUSES OF ACTION

### Count I – Breach of Contract

18. The allegations contained in the preceding paragraphs of this Complaint are incorporated herein by reference as if set forth verbatim.

3

19. The Policy issued by Owners to Plaintiff is a binding contract, and is supported by valid consideration.

20. Owners is in total, material breach of the Policy, and Owners is liable to Plaintiff in the maximum amount allowed by the Policy for the Loss. Specifically, Owners breached its contract with Plaintiff by its failure and refusal to fully and promptly pay the amounts owed to Plaintiff as a result of the Loss as required by the terms of the Policy.

21. As a result of Owners' breach of contract, Plaintiff has sustained substantial compensable losses under the Policy as a result of the Loss, including but not limited to the replacement cost value of the damage to the Insured Buildings.

22. Owners is liable to Plaintiff for its losses.

23. Owners' breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. Specifically, Owners intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of Plaintiff's claim when liability was clear; (2) refused and failed to conduct a reasonable investigation based on all available information; (3) refused and failed to obtain all reasonably available information before denying Plaintiff's claim and alleging it has no further obligations to Plaintiff; (4) unjustly refused to pay Plaintiff's claim for its own financial preservation with no reasonable or justifiable basis; (5) failed to fully inform Plaintiff of its rights and obligations under the Policy; (6) engaged in acts and practices toward Plaintiff that amount to acts of baseness, vileness and/or depravity that are contrary to the fiduciary duties owed to Plaintiff; (7) failed to promptly provide Plaintiff with a reasonable and accurate explanation for its refusal to fully compensate Plaintiff for the damages caused by the Loss; (8) failed to properly and fully investigate and adjust Plaintiff's claim and to pay Plaintiff fully for their losses; (9) failed to pay

all amounts due and owing under the Policy with no reasonable or justifiable basis; (10) use of biased "experts" to avoid its contractual obligation to Plaintiff; (11) misrepresented pertinent facts relating to the insurance coverage at issue; (12) denied Plaintiff's claim with no honest disagreement or innocent mistake concerning the validity or the nature and amount of Plaintiff's claim; (13) agreed to make payments to Plaintiff with respect to certain damage to the security booth/front gate building, but then failed and refused to make such payment; and (14) refused to provide Plaintiff with a copy of the Policy despite its written request for same. Owners knew, or reasonably should have known, that Plaintiff was justifiably relying on the money and benefits due it under the terms of the Policy and as otherwise promised and represented by Owners. Nevertheless, acting with conscious disregard for Plaintiff's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiff, Owners consciously refused to fully compensate Plaintiff for its losses, and withheld monies and benefits rightfully due Plaintiff. In so acting, Owners intended to and did injure Plaintiff in order to protect its own financial interests, and should be punished. Plaintiff seeks, and is entitled to, punitive damages.

### Count II – Statutory Bad Faith

24. The allegations contained in the preceding paragraphs of this Complaint are incorporated herein by reference as if set forth verbatim.

25. Owners' refusal and failure to pay the amounts contractually owed to Plaintiff is arbitrary and capricious and constitutes bad faith pursuant to Tenn. Code Ann. § 56-7-105 in that more than sixty (60) days have passed since a formal demand has been made on Owners and full payment has not been made for the Loss as required pursuant to the Policy for which the twenty-five percent (25%) statutory penalty for bad faith should be invoked.

5

26. The bad faith of Owners is evidenced by the fact that, at all times material hereto, Owners knew, or reasonably should have known that Plaintiff was justifiably relying on the money and benefits due it under the terms of the Policy and as otherwise promised and represented by Owners, as well as the actions of Owners as set forth in paragraph 27 below and 23 above. Nevertheless, acting with conscious disregard for Plaintiff's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiff, Owners consciously refused to pay in full Plaintiff's valid claim and withheld monies and benefits rightfully due to Plaintiff.

27. Owners' bad faith is evidenced by all of the facts and allegations set forth above in this Complaint, together with the following:

   a. Owners' intentional failure to fully inform Plaintiff of its rights and obligations under the Policy;

   b. Owners' intentional failure to attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim when liability was reasonably clear;

   c. Owners' intentional refusal to pay Plaintiff's claim in full and to otherwise honor its obligations under the Policy without conducting a reasonable investigation based on all available information;

   d. Owners' intentional refusal to fully investigate Plaintiff's claim and to obtain all available information before alleging that it had no further obligations to Plaintiff;

   e. Owners' failure to promptly provide Plaintiff with a reasonable and accurate explanation for its refusal to pay its claim in full;

   f. Owners' intentional failure to properly adjust Plaintiff's claim and to pay Plaintiff fully for its losses;

6

g. Owners' intentional failure to pay all amounts due and owing to Plaintiff under the Policy with no reasonable or justifiable basis; and

h. Owners' unjustified refusal to pay Plaintiff's claim for its own financial preservation.

28. In so acting, Owners intended to and did injure Plaintiff in order to protect its own financial interests, and should be punished via the twenty-five percent (25%) bad faith penalty authorized by statute.

WHEREFORE, as a result of the foregoing, Plaintiff would respectfully request that this Honorable Court award a judgment against Owners as follows:

A. For compensatory damages not to exceed One Million Dollars ($1,000,000);

B. For punitive damages not to exceed Two Million Dollars ($2,000,000);

C. For the twenty-five percent (25%) statutory bad faith penalty pursuant to Tenn. Code Ann. § 56-7-105;

D. For all costs incurred by Plaintiff as a result of this action;

E. For pre- and post-judgment interest; and

F. For such other further and general relief as this Court deems just and equitable.

## IV. JURY DEMAND

Plaintiff demands a jury.

Respectfully submitted,

**GILBERT RUSSELL McWHERTER SCOTT BOBBITT PLC**

*/s/ J. Brandon McWherter*

J. BRANDON MCWHERTER #21600
bmcwherter@gilbertfirm.com
341 Cool Springs Blvd, Suite 230
Franklin, Tennessee 37067
Telephone: (615) 354-1144

CLINTON H. SCOTT #23008
cscott@gilbertfirm.com
101 N. Highland Ave.
Jackson, Tennessee 38301
Telephone: (731) 664-1540

## COST BOND

This firm stands as surety for costs in this cause.

GILBERT RUSSELL McWHERTER
SCOTT BOBBITT PLC

*/s/ J. Brandon McWherter*

8